UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Frankfort)

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Criminal Action No. 3: 08-20-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| TONY LYNN BROWN, | ) | **MEMORANDUM ORDER** |
| | ) | |
| Defendant. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

On this date, Defendant Tony Lynn Brown filed a motion to modify or reduce his sentence under 18 U.S.C. § 3582(c)(2). [Record No. 52] On February 3, 2009, Brown was sentenced to a term of incarceration of 180 months, based on his status as a career offender. [Record No. 50] The offense giving rise to his conviction occurred on June 20, 2008. [Record No. 1] Based on the waiver provision contained in his Plea Agreement, Brown did not file a direct appeal following the sentencing hearing. [*See* Record No. 19; Plea Agreement, ¶ 9.] Likewise, the defendant did not seek to collaterally attack his guilty plea, conviction or sentence.

Graham's current motion for relief under 18 U.S.C. § 3582(c)(2) is based upon a claimed change in intervening law in *United States v. Blewett*, 719 F.3d 482 (6th Cir. 2013). *Blewett* held that the Fair Sentencing Act of 2010 applied retroactively. However, on July 11, 2013, a majority of the active judges of the Sixth Circuit voted for rehearing of the case *en banc*. *United States v. Blewett*, Nos. 12-5226, 12-5582 (6th Cir. July 11, 2012) (order granting rehearing en banc). Therefore, the panel opinion on *Blewett* has been set aside and has no precedential effect.

-1-

Previous Sixth Circuit decisions hold that the provisions of the Fair Sentencing Act of 2010 do not apply to offenses committed prior to the effective date of the Act. *United States v. Hammond*, 712 F.3d 333, 336 (6th Cir. 2013); *United States v. Carradine*, 621 F.3d 575, 580 (6th Cir. 20100; *see United States v. Ruff*, F. App'x 448, 451 (6th Cir. 2011) (unpublished). The crime for which Brown was convicted and his sentencing occurred well before the effective date of the Fair Sentencing Act of 2010. Therefore, *Hammond*, *Carradine*, and *Ruff* would foreclose any retroactive application of the Fair Sentencing Act of 2010 in this case.

Accordingly, it is hereby

**ORDERED** that Defendant Brown's motion to modify or reduce his previously-imposed term of imprisonment [Record No. 52] is **DENIED**.

This 25th day of September, 2013.

Signed By:
*Danny C. Reeves* DCR
United States District Judge