UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Frankfort)

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| Plaintiff, | ) | Criminal Action No. 3: 08-020-DCR |
| V. | ) | |
| TONY LYNN BROWN, | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Defendant. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Defendant Tony Brown pleaded guilty in 2008 to possessing with intent to distribute 5 grams or more of cocaine base (crack cocaine). [Record No. 20] He was sentenced in February 2009 to a 180-month term of imprisonment, followed by an eight-year term of supervised release. [Record No. 50] Brown has now filed a motion for a sentence reduction under the First Step Act of 2018 ("2018 Act"). [Record No. 54] The United States filed a response to the motion and indicated that Brown is eligible for a sentence reduction under the 2018 Act, but acknowledges that it is within the Court's discretion to resentence Brown. [Record No. 57] Brown filed a reply, indicating that he believes he is eligible for release and has made significant post-conviction rehabilitation efforts. [Record No. 58] Upon review of the record, the Court has determined that a sentence reduction is appropriate and will grant the relief sought.

**I.**

It is necessary to review the details of Brown's conviction and sentence to determine whether a sentence reduction is appropriate. Brown pleaded guilty to Count One of the

indictment charging a violation of 21 U.S.C. § 841(a)(1), possession with intent to distribute 5 grams or more of cocaine base. [Record No. 20] Brown's criminal history includes convictions for trafficking in a controlled substance and robbery. This resulted in Brown being classified as a career offender under section 4B1.1 of the United States Sentencing Guidelines.

The 2008 version of the United States Sentencing Guidelines were used to determine the appropriate guideline range. Brown's base offense level was 26 calculated according to the 20.167 grams of crack cocaine attributed to him. *See* U.S.S.G. § 2D1.1 (2008). However, because Brown was classified as a career offender, the statutory maximum sentence was life, so his offense level was increased to 37. *See* U.S.S.G. § 4B1.1 (2008). Brown received a three-level adjustment for acceptance of responsibility, resulting in a total offense level of 34. *See* U.S.S.G. § 3E1.1 (2008). Additionally, Brown's previous criminal convictions resulted in a subtotal criminal history score of 13. Three points were added to the subtotal criminal history score because, at the time the offense was committed, Brown was on parole from Fayette Circuit Court and he committed the offense less than two years after release from imprisonment on a sentence counted under U.S.S.G. §§ 4A1.1(a) and 4A1.1(b), placing Brown in criminal history category VI. *See* U.S.S.G. §§ 4A1.1(d), 4A1.1(e) (2008). Therefore, even if Brown's criminal history category did not initially equate to category VI, a career offender's criminal history category in every case is adjusted to category VI. *See* U.S.S.G. § 4B1.1 (2008).

Based upon a total offense level of 34 and a criminal history category of VI, Brown's guideline range for imprisonment was 262 to 327 months. Brown ultimately was sentenced to a 180-month term of imprisonment after the Court granted a motion filed by the United States for a downward departure. In granting the motion, the Court noted that Brown received a

bigger reduction than a defendant would ordinarily receive for the type of assistance he provided.

## II.

The Court looks to the provisions of 18 U.S.C. § 3582(c)(2) in evaluating requests for sentence reductions under the 2018 Act. A district court has limited authority to modify a sentence once it is imposed. However, a sentence can be modified "to the extent… expressly permitted by statute…" and "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the [United States] Sentencing Commission." 18 U.S.C. § 3582(c).

The Fair Sentencing Act of 2010 ("FSA") was enacted purportedly to "restore fairness to Federal cocaine sentencing" and reduce the disparity between defendants convicted of crimes involving powder cocaine versus cocaine base. Pub. L. No. 111-220, 124 Stat. 2372 (Aug. 3, 2010). The FSA amended 21 U.S.C. § 841 by increasing the amount of cocaine base needed to trigger the mandatory minimum sentences provided in the statute. *Id*. Before the FSA, a mandatory minimum sentence under 21 U.S.C. § 841(b)(1)(B) was triggered by 5 grams of cocaine base. However, the FSA increased the amount of cocaine base triggering that mandatory minimum to 28 grams. 21 U.S.C. § 841(b)(1)(B) (Effective: Aug. 3, 2010).

After enactment of the FSA, any violation involving less than 28 grams of cocaine base did not trigger a statutory mandatory minimum sentence and resulted in a lower statutory maximum penalty. 21 U.S.C. § 841(b)(1)(C). However, the FSA did not previously apply retroactively. *United States v. Tillman*, 511 F. App'x 519, 521 (6th Cir. 2013) (citing *Dorsey v. United States*, 567 U.S. 260 (2012)).

The 2018 Act recently made the FSA retroactive. *See* Pub. L. No. 115-391, 132 Stat. 5194 (2018). As relevant to the present case, section 404 of the 2018 Act states: "[a] court that imposed a sentence for a covered offense may, on motion of the defendant, the Director of the Bureau of Prisons, the attorney for the Government, or the court, impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act of 2010 (Public Law 111-220; 124 Stat. 2372) were in effect at the time the covered offense was committed." *Id*. § 404(a). Therefore, the Court must first determine whether a defendant is eligible under the 2018 Act, and then may, but is not required, to reduce the sentence of a defendant who is eligible for relief.

Brown is eligible for relief under the 2018 Act because he was convicted of a "covered offense," his offense was committed before August 3, 2010, he was subject to the enhanced statutory penalties under 21 U.S.C. § 841(b)(a)(B), and those statutory penalties were modified by section 2 of the FSA. *Id*. Additionally, Brown's sentence has not previously been reduced and he has not made a previous motion under the 2018 Act to reduce his sentence. *See id*. § 404(c). Further, pursuant to 18 U.S.C. § 3582(c)(1)(B), a defendant is eligible for a sentence reduction if it is expressly permitted by statute. The 2018 Act expressly makes the FSA retroactive and permits a sentence reduction for covered offenses. *See* Pub. L. No. 115-391.

Because Brown is eligible for relief, the Court next examines whether Brown is deserving of a sentence reduction. In reviewing Brown's Presentence Investigation Report, his disciplinary history while in prison, the parties' briefs, and the 18 U.S.C. § 3553(a) factors, the Court determines that a sentence reduction is appropriate. While Brown has a serious criminal history and two minor disciplinary violations in prison, he is now 55 years old and his maturity may produce a lower risk of recidivism. Additionally, the Court will maintain an 8-year term of supervised release which would reduce the likelihood of Brown reoffending

and in turn would protect the public from further crimes of Brown. Based on these facts, the Court has determined that a sentence reduction is appropriate in the present case.

To determine the appropriate sentence reduction, the Court examines Brown's previous sentence and what his sentence would be under the present guidelines. Under the 2008 Sentencing Guidelines, Brown's previous base offense level was 26. U.S.S.G. § 2D1.1(c)(7). The base offense level was adjusted to 37 because prior to the FSA if a violation involving more than 5 grams of cocaine base occurred after a prior conviction for a felony drug offense, the statutory maximum was life. U.S.S.G. § 4B1.1. Therefore, after an adjustment for acceptance of responsibility, Brown's total offense level was 34. After the FSA and the 2018 Act, Brown's base offense level would be 20. U.S.S.G. § 2D1.1(c)(10). The base offense level would be adjusted to 34 because a violation involving less than 28 grams of cocaine base occurring after a prior conviction for a felony drug offense triggers a statutory maximum penalty of 30 years. U.S.S.G. § 4B1.1. Accordingly, after a three-level adjustment for acceptance of responsibility, Brown's total offense level would be 31.

Brown remains in criminal history category VI because he is appropriately categorized as a career offender. The guidelines range for a total offense level of 31 and a criminal history category of VI is 188 to 235 months. However, Brown provided substantial assistance leading to previous a motion for a downward departure consistent with U.S.S.C. § 5K1.1. That downward departure should apply to a sentence reduction as well. Section 1B1.10 of the United States Sentencing Guidelines offers guidance for determining an appropriate reduction

in a term of imprisonment when a defendant provides substantial assistance.[1] U.S.S.G. § 1B1.10(b)(2)(B).

When the term of imprisonment imposed was less than the guideline range pursuant to a government motion reflecting the defendant's substantial assistance, a reduction comparably less than the amended guideline range may be appropriate. *Id.* In the present case, the defendant's initial guidelines range in 2008 was 262 to 327 months, but he was sentenced to 180 months based on substantial assistance indicating a downward departure of four offense levels. Therefore, it is comparable to apply a downward departure of four offense levels to the new guidelines range to maintain consistency. A downward departure of four offense levels would lead to a guidelines range of 130 to 162 months. As previously mentioned, the Court explained at the time of the original sentence that Brown's original sentence of 180 months was a greater reduction than a defendant would ordinarily receive for the type of assistance he provided. Accordingly, the Court finds that a reduced sentence of 162 months imprisonment (that is, a reduction of 18 months), followed by a term of eight years supervised release is sufficient, but not greater than necessary to reflect the seriousness of the offense, promote respect for the law, provide just punishment, afford adequate deterrence, and protect the public.

## III.

For the reasons stated previously, it is hereby

**ORDERED** as follows:

---

[1] While U.S.S.G. § 1B1.10 applies to circumstances where the guideline range has been lowered as a result of an amendment to the Guidelines Manual, it is useful in assisting the Court in the comparable situation of a guideline range being lowered as a result of a statute.

1.	Defendant Tony Brown's motion for a sentence reduction pursuant to the First Step Act of 2018 [Record No. 54] is **GRANTED**.

2.	The defendant's sentence is reduced to a term of 162 months imprisonment, followed by a term of eight years supervised release. The sentence previously announced, including all terms and conditions of supervised release, shall otherwise remain unchanged.

3.	A copy of this Order shall be forwarded to the United States Probation Office, the defendant, and counsel for the United States.

4.	An Amended Judgment shall be entered forthwith.

Dated: May 17, 2019.

Signed By:
*Danny C. Reeves*
United States District Judge